603 A.2d 666

**Marilyn H. BLATZ, Appellee,**

v.

**Robert C. BLATZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 11, 1991.

Filed March 4, 1992.

Lawrence A. Durkin, Scranton, for appellant.

John T. Stieh, Milford, for appellee.

Before CIRILLO, DEL SOLE and MONTEMURO, JJ.

DEL SOLE, Judge:

This is an appeal from the trial court decision adopting the Findings of Fact and Recommendation of the Master in this divorce action. Its Order of March 28, 1991 provided for the equitable distribution of the parties' marital assets. Appellant asserts that the trial court erred in approving the Master's findings, because of alleged procedural errors made by the Master and the lack of testimony and other evidence in support of the Master's recommendations. For the following reason, we affirm.

■ On appeal, Appellant raises several claims of error, including the alleged untimely filing of the Master's report. However, Appellant's failure to file exceptions under Pa. R.C.P. 1920.55(a) results in a waiver of these claims. The rule provides that:

Within ten days after notice of the filing of the master's report has been mailed, exceptions may be filed by any party to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring

during the hearing. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.

■ Appellant contends that his failure to file exceptions is a direct result of procedural errors committed by the Master, and that these errors should result in the nullification of waiver. We find that Appellant has misread the relevant rules in arriving at his conclusion. Appellant first alleges that the Master violated Pa.R.C.P. 1920.53(a)(2), which states:

the master shall immediately send notice of the filing of the report to each party and in a contested action, shall accompany the notice with a copy of the report and recommendation.

Appellant views this rule as imposing two obligations on the Master: the duty to send notice of the filing of the report to Appellant, and the duty to notify Appellant of his right to file Exceptions to the Master's Report within ten days. While this rule does impose upon the Master the duty to send notice of the filing, nowhere does the rule require the Master to notify Appellant of the right to file exceptions.

■ The Master fulfilled his obligation under Pa.R.C.P. 1920.53(a)(2) by sending Appellant a letter dated March 15, 1991, which states that "I have filed the Master report regarding the above captioned matter this date, and I have enclosed a copy of same herewith...." Appellant's claim that this correspondence does not constitute notice is meritless. It is uncontrovertable that this letter put Appellant on notice that the report was filed. The rule contains no specific form of notice to be given, nor does it require anything more to be done by the Master.

Appellant, however, contends that the rule imposes the additional duty to notify Appellant of the right to file exceptions to the report. While Pa.R.C.P. 1920.53(a)(2) is silent as to the filing of exceptions, Pa.R.C.P. 1920.55(a) specifically addresses the issue:

Within ten days after notice of the filing of the master's report has been mailed, exceptions may be filed by any party....

Nowhere within this rule is a duty imposed upon the Master to notify Appellant of this right to file exceptions. This rule is addressed to the parties and not to the Master. The fact that Appellant proceeded pro se does not change the import of this rule, nor excuse Appellant's failure to file exceptions.

Appellant's claim that the Master's correspondence misled Appellant with regard to the timing of the filing is also without merit. Appellant's brief states that the Master informed him that "if he wanted to file Exceptions he should do so at his 'earliest convenience.'" (Appellant's Brief p. 17–18). However, a correct reading of the March 15, 1991 letter from the Master states that "[i]n the event either party chooses to file exceptions to the report please forward a copy to me at your earliest convenience." It is apparent that the Master was simply asking that a copy of the exceptions be *forwarded* at the earliest convenience, not that the actual filing be done when convenient.

As there were no errors committed by the Master which would excuse Appellant's failure to file exceptions to the Master's report, Appellant's claims of error on appeal are waived.

Order affirmed.