679 A.2d 1316

**Jane M. McARDLE**

v.

**William H. McARDLE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1996.

Filed July 31, 1996.

Robert T. Yurchak, Nesquehoning, for appellant.

Charles A. Banta, Easton, for appellee.

Before DEL SOLE, TAMILIA and BROSKY, JJ.

TAMILIA, Judge.

William H. McArdle appeals from the November 22, 1995 decree divorcing him and the appellee from the bonds of matrimony and directing the equitable distribution of their marital property.

The parties were married on July 20, 1970, and a "no-fault" divorce complaint was filed by appellee on February 25, 1994. After a hearing before a court-appointed Master, a report was filed on November 9, 1995, and the parties were noticed thereof. No timely exceptions to the Master's report were filed and, on November 22, 1995, a divorce decree was entered. On December 22, 1995, husband filed a timely appeal to this Court.

Husband argues his failure to file exceptions to the Master's report does not preclude his challenge to the distribution of the marital property, and in support thereof relies on *Shuda v. Shuda*, 283 Pa.Super. 253, 423 A.2d 1242 (1980).

Pursuant to Pa.R.C.P. 1920.55 (rescinded September 11, 1995, effective January 1, 1996) and Pa.R.C.P. 1920.55–2 (adopted September 11, 1995, effective January 1, 1996), both of which are titled **Master's Report. Notice. Exceptions. Final Decree,** matters which are not addressed by exceptions are waived unless, prior to the entry of the decree, leave is granted to file exceptions raising those matters. *See also Blatz v. Blatz,* 412 Pa.Super. 449, 603 A.2d 666 (1992). We agree with the trial court's ruling finding Pa.R.C.P. 1920.55–2 precludes appellate review, and further find *Shuda* distinguishable from the facts with which we are faced.

In *Shuda,* neither party filed exceptions to the Master's report, and the court thereafter granted husband a divorce based on wife's indignities. This Court heard wife's appeal despite her failure to comply with a local rule which required exceptions to the Master's report be filed within ten days of its issuance. In so doing, the Court reasoned "we must still satisfy ourselves that the evidence establishes the right to the divorce." *Id.* at 261, 423 A.2d at 1246. The *Shuda* court was concerned with whether the evidence presented supported the entry of the decree of divorce based on indignities. Such a challenge, to the entry of the decree, was properly entertained by the court. Here, however, we are faced with a challenge to the equitable distribution of the marital estate. No challenge to the divorce, mutually agreed to by the parties, has been raised. Accordingly, we find Pa.R.C.P. 1920.55–2 precludes appellate review of husband's challenge of the Master's findings, adopted by the trial court. Moreover, as stated in footnote two of *Shuda,* Pa.R.C.P. 1920.55, requiring exceptions to be filed or the arguments waived, was not in effect at the time of the Court's ruling and therefore did not impact its decision. The Court stated "[b]ecause the new rules do not apply to this case we are not required to decide whether Rule 1920.55 is intended to alter our scope of Appellate review, and we intimate no opinion on that question." *Shuda, supra.*

Based on Pa.R.C.P. 1920.55–2 and the foregoing reasoning distinguishing *Shuda,* we agree with the trial court that appellant's failure to file exceptions to the Master's report

precludes appellate review, thereby constraining this Court to quash husband's appeal.[1]

Appeal quashed.

---

1.  Appellee's Petition to Quash Appeal and for Award of Counsel fees is denied.