J-S46044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTINE A. AMOS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MATTHEW AMOS | : | |
| | : | |
| Appellant | : | No. 2043 MDA 2016 |

Appeal from the Order Dated November 17, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No(s):  2012 CV 6454 DV

BEFORE:   BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED SEPTEMBER 18, 2017**

Appellant, Matthew Amos, appeals from the order entered in the Court of Common Pleas of Dauphin County approving the Report and Recommendation of the Divorce Master on issues of equitable distribution, alimony pendent lite, alimony, counsel fees, and costs.  In entering such order, the court also dismissed Appellant's Exceptions to the Master's Report as untimely filed.  On appeal, Appellant contends that the court erroneously dismissed his exceptions, as he substantially complied with rules governing the timing of such filings.  We affirm.

The trial court aptly provides a factual and procedural history of the case as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

On December 11, 2015, the parties, both represented by counsel at the time, entered into a Stipulation with regard to procedural aspects of the divorce matter, leaving unresolved the related claims, and agreed to a bifurcated divorce. The decree in divorce was filed on December 14, 2015. The parties then proceeded on with the unresolved issues of equitable distribution, alimony *pendente lite*, alimony, counsel fees and costs. Two days of hearings were held before the divorce Master on January 25 and 26, 2016. Husband's counsel had withdrawn his representation before the hearings and Husband chose to represent himself at the hearings.

On September 30, 2016, the Divorce Master issued a comprehensive, fifty-two (52) page Report and Recommendation. The previous day, September 29, 2016, the Divorce Master sent an email to both Husband and Wife's Counsel, Diane Radcliff advising them that the Report and Recommendation would be filed [with the Prothonotary] on September 30, 2016.

On Thursday, October 20, 2016, at 4:59 p.m., Husband emailed his Exceptions to the Master's Report with a notation "your copy paper will fp;;ow [sic]." On Friday, October 21, 2016, at 10:49 a.m., the Divorce Master emailed Wife's counsel with an email copy of the Exceptions since she had not been copied on the email sent by Husband to the Divorce Master.

The Divorce Master also indicated to Husband in that same email that "I assume you filed these in the Prothonotary's office as required, I do not require a paper copy of them. I do not address the Exceptions, the Court will address them." On October 21, 2016, at 11:25 a.m. that same morning, Husband hand delivered a paper copy to the Divorce Master, but not to the Prothonotary.

On October 26, 2016, the court issued an Order indicating that, while Husband had emailed Exceptions to the Divorce Master, no paper filing of Exceptions were [sic] filed with the Prothonotary. On October 27, 2016, the court filed an Amended Order to clarify that a paper copy of Exceptions were [sic] delivered to the Divorce Master, but again that no paper copy of Exceptions had been filed with the Prothonotary; therefore none were [sic] docketed with the court.

Wife's counsel filed a Praecipe to Transmit the Record on October 27, 2016. On October 31, 2016, thirty-one (31) days after the Divorce Master's Report and Recommendation was filed, Husband delivered by certified mail a copy of his Exceptions filed October 31, 2016, to [the lower] court's Chambers. On November 15, 2016, Plaintiff filed and [the lower] court received Plaintiff's Petition to Strike Defendant's Exceptions to the Master's Report and Recommendation filed on September 30, 2016.[]

Lower Court Opinion, filed 11/17/2016, at 1-2.

On November 17, 2016, the lower court entered an order approving the Report and Recommendation of the Divorce Master. As for Appellant's exceptions to the Report, the court determined that Appellant filed them beyond the 20-day filing period established by Pa.R.C.P. 1920.55-2(b), *infra*, even though the Report contained a proper notice advising him of the deadline. The court further rejected the position that Appellant was unaware of where to file exceptions, as the docket, dating back to 2012, demonstrated that numerous filings, including the Master's Report and Recommendation itself, had been made in the Prothonotary's office. Having determined that Appellant filed no exceptions within 20 days of the filing of the Master's Report as required by law, the court entered an order approving the Report and Recommendation of the Master. This timely appeal follows.

Appellant presents the following questions for our review:

**DID THE LOWER COURT ERR AS A MATTER OF LAW OR ABUSE ITS DISCRETION IN CONCLUDING THAT NO EXCEPTIONS WERE FILED OR IN DECLINING TO DISREGARD APPELLANT'S FAILURE TO FILE HIS EXCEPTIONS WITH THE PROTHONOTARY BY THE DUE DATE (OCTOBER 20, 2016) PURSUANT TO PA.R.C.P. 126 WHERE THE EXCEPTIONS WERE FILED WITH THE**

**PROTHONOTARY ON OCTOBER 31, 2016 AND HAD BEEN EMAILED TO THE DIVORCE MASTER ON OCTOBER 20, 2016 WITHIN THE TIME PERIOD FOR THE FILING OF EXCEPTIONS?**

Appellant's brief at 4.

In order to preserve an issue for appeal, a party must file a timely exception to the Master's Report pursuant to Pa.R.C.P. 1920.55-2(b). The rule provides:

> Within twenty days of the date of receipt or the date of mailing of the master's report and recommendation, whichever occurs first, any party may file exceptions to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.

Pa.R.C.P. 1920.55-2(b).

Here, Appellant acknowledges that he did not adhere strictly to Rule 1920.55-2(b)'s filing requirements, but he argues that he "substantially compl[ied]" with the spirit of the rule when he emailed his exceptions directly to the Master just one hour after the expiration of the twenty-day filing period expressed in Rule 1920.55-2(b).[1] Appellant also attributes his

---

[1] In this respect, it is noteworthy that Appellant did not seek the court's permission to file exceptions belatedly, which he accomplished on October 31, 2016, 31 days after the Master filed his Report. ***See Sipowicz v. Sipowicz***, 517 A.2d 960 (Pa.Super. 1986) (Finding waiver for late filing of exceptions where the record reflected "that permission for the late filing was neither requested [of] or granted by the lower court.").

belated and misdirected email "filing" to the Master's failure to inform him where to file exceptions. Appellant's arguments afford him no relief.

Our rules of civil procedure set forth a scheme contemplating that filings in divorce or annulment proceedings shall be made with the prothonotary of the court of common pleas having jurisdiction over the action. This requirement is evident from the outset of the scheme, where Pa.R.C.P. 1920.3, Commencement of Action, provides that "[a]n action shall be commenced by filing a complaint with the prothonotary." Pa.R.C.P. 1920.3. Consonant with Rule 1920.3, subsequent rules provide that the court may thereafter appoint a master, who shall conduct a hearing and "file" the record and a Report (Rules 1920.51, 1920.53, and 1920.55-2(a)), that the Master's Report shall be subject to the parties' respective right to "file" exceptions (Rule 1920.55-2(b), (c)), and that the court shall review the Report and any filed exceptions prior to entering a final decree on the matter (Rule 1920.55-2(c), (d)).

The rules, therefore, require that the complaint, the contents of the record, the Master's Report, and any party exceptions to the Master's Report shall be filed with the court to allow the court to review the matter and enter a final decree. As expressed in Rule 1920.3, the court's filing office for matters of this kind is the prothonotary's office. An email addressed to the Master, therefore, does not amount to a "filing" with the court as that term is contemplated under our rules. Consequently, we reject Appellant's claim

that he "substantially complied" with the filing requirements of Rule 1920.55-2.

Likewise, we discern no merit to Appellant's argument in the alternative that his October 31, 2016, filing was fatally belated only because the Master's Report failed to specify where to file exceptions, thus providing inadequate notice.[2]  Rule 1920.55-2(2) requires only that a Master's Report provide written notice of the right to file exceptions; it does not require notice of where to file.  The Master's Report, here, set forth proper notice of Appellant's right to file exceptions, which, when read in light of pertinent state rules of civil procedure discussed above, offered clear direction that such a filing shall be made with the court, through the prothonotary.

In the case *sub judice*, moreover, the direction supplied by our state rules was amplified in applicable local rules.  Specifically, Dauphin County Local Rule 1920.51(14) specifies "[a]n original and a copy of Exceptions to the Divorce Master's Report and Recommendation shall be filed with the Prothonotary's Office…."  **See** D.C.C.R. No. 1920.51(14).  Also, docket entries in this matter indicate that Appellant, himself, made previous filings

_____

[2] Appellant does not dispute that the Master's Report provided notice that it had been filed with the Office of the Prothonotary of Dauphin County and that the parties had twenty days in which to file exceptions.

with the Prothonotary. Accordingly, Appellant's argument in this regard fails. [3]

Finally, Appellant baldly argues that, to the extent the prescribed filing period set forth in Rule 1920.55-2(b)'s is designed to avoid unduly prejudicing the other party, his delay in filing exceptions must be considered inconsequential compared to the several months taken by the Master to file his Report and Recommendation. However, Appellant fails to explain how the time taken for the Master to prepare and file his 52-page Report and Recommendation relates in any way to a party's responsibility under our rules of civil procedure to file timely exceptions to the Report. As such, this claim, too, is without merit.

With nothing in the record evincing that the Master committed an error of law or misled Appellant in any way with respect to his rights to file exceptions to the Master's Report, we reject Appellant's present claim. Accordingly, we affirm the order entered below.

Order is AFFIRMED.

_____

[3] That Appellant chose to proceed *pro se* does not diminish the significance of Rule 1920.55-2(b) or relieve Appellant of his obligation under the rule to file timely exceptions. **See Blatz v. Blatz**, 603 A.2d 666 (Pa.Super. 1992) (holding appellant's decision to self-represent did not excuse his failure to file timely exceptions).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/2017