J-S05019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TREVOR A. LAW | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CRYSTAL J. LAW | : | |
| | : | |
| Appellant | : | No. 568 WDA 2023 |

Appeal from the Decree Entered April 25, 2023
In the Court of Common Pleas of Cambria County
Civil Division at No(s):  2019-4961

BEFORE:  PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED: July 31, 2024**

Appellant, Crystal J. Law, ("Wife") appeals from the divorce decree entered in the Cambria County Court of Common Pleas, which incorporated the court's order setting forth the equitable distribution of the parties' property and granting Wife's claim for alimony.  We affirm.

The relevant facts and procedural history of this case are as follows. Wife and Appellee, Trevor A. Law ("Husband"), were married in June 1996. They separated in September 2019.  While they were married, Husband worked as a police officer with the Johnstown Police Department from May 1998 until March 2012, and with the Jackson Township Police Department until April 2019.  Husband is presently employed full time as a corrections officer at SCI-Somerset.  Wife was the primary homemaker during the parties' marriage.  She received a nursing degree in 2006 and worked as a nurse full time until 2016, when she switched to part time.  Wife stopped working in

March 2020, at which point she applied for social security disability benefits.

Husband filed a complaint in divorce on October 24, 2019. On September 11, 2020, Wife filed a counterclaim for alimony, counsel fees, costs and expenses. The parties appeared before the Master on November 25, 2020, for a hearing concerning equitable distribution and alimony. On January 18, 2022, the Master filed a report and recommendation ("First Report"). In that report, the Master recommended a 60/40 division of the marital estate in favor of Wife. The Master further recommended that Husband pay $1,500.00 in alimony to Wife monthly until Wife is awarded social security disability and begins to receive her share of Husband's retirement and pension.

On February 2, 2022, Husband filed exceptions to the First Report and, following oral argument, the court remanded the matter to the Master to address Wife's award of social security disability. The Master conducted another hearing on June 16, 2022, during which the Master accepted evidence of Wife's social security disability decision and benefit verification.[1] The Master issued a second report ("Second Report") on July 20, 2022. In the second report, the Master continued to recommend a 60/40 division of the marital estate in favor of Wife, noting that in December 2022, Wife's supplemental

_____

[1] On February 1, 2022, Wife was awarded social security disability benefits of $1,682.00/month, which would be reduced to $1,512.00 on September 1, 2022, upon Wife's eligibility for Medicare, to account for a Medicare premium deduction of $170.00 monthly. In addition, Wife was to receive amortized retroactive social security disability payments of $1,196.00 per month through July 2023.

disability benefit from AFLAC would cease, such that her net monthly gain would amount to only $512.00. (Second Report, filed 7/20/22, at 4). With respect to alimony, the Second Report stated:

> Under the Master's original recommendation, Wife would have received $2,500 a month once the spousal support ceased: $1,000 from AFLAC and $1,500 from Husband. The Master believes that $2,500 a month is reasonable under the circumstances and for the reasons set forth in the original report. As Wife will be getting $1,512 a month in SSD benefits starting September 1, 2022, the Master recommends that Husband pay alimony at the rate of $1,000 a month upon cessation of his current spousal support obligation.

(*Id.* at 7). The Master further recommended that the alimony provision be modifiable upon a material and substantial change in either party's circumstances. (*See id.* at 7-8).

On August 8, 2022, Husband filed exceptions to the Second Report. Wife did not file any exceptions. On January 6, 2023, the court issued an order and opinion granting in part and denying in part Husband's exceptions and setting forth the equitable distribution of the parties' marital property. The court noted that it was undisputed that Wife's needs were $2,500.00 per month, and that Wife's current income was $2,708.00 ($1,512.00 net monthly Social Security Disability and $1,196.00 per month from the amortized retroactive Social Security Disability benefits, which were effective through July 2023). Therefore, the trial court decided that "as of August 1,2023, [Wife's] monthly income will be limited to her net Social Security Disability Benefits ($1,512). This is approximately $1,000 less than her reasonable

needs of $2,500 per month. Husband's alimony order of $1,000 per month should be effective August 7, 2023, to bridge this gap." (Order and Opinion, filed 1/6/23, at 3). The trial court further explained that Husband is eligible for a pension from the Johnstown Police Department. If Husband elects to receive the benefit monthly, Wife will receive 60%, or approximately $826.00 per month, which would allow her to meet her reasonable needs without alimony. If Husband instead elects to receive a refund of his after-tax contributions to the pension, instead of the deferred monthly benefit, alimony would continue indefinitely. (*Id.* at 4).

The court entered a divorce decree on April 25, 2023. Wife filed a timely notice of appeal on May 18, 2023. On May 22, 2023, the court ordered Wife to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Wife filed her concise statement on June 9, 2023

Wife raises the following issues on appeal:

> Did the trial court commit an abuse of its discretion in the award of alimony to Wife in the following particulars:
>
> 1. Finding that an indefinite award of alimony was excessive;
>
> 2. Finding that Wife's needs are $2,500.00 per month;
>
> 3. Finding that at present (until August 2023), Wife's income exceeds her reasonable needs;
>
> 4. Finding that the alimony order effective August of 2023, should be $1,000.00 per month;
>
> 5. Finding that Wife's sixty (60%) percent of Husband's Johnstown Police Department pension together with her

Social Security Disability will allow her to meet her reasonable needs and terminate her entitlement to alimony;

6. Finding that Wife's receipt of sixty (60%) percent of all the marital estate—which the trial court calculated to be $10,876.00—makes the alimony award equitable;

7. Finding that Wife's assumption of marital debt and obligation to refinance the same as a part of the equitable distribution of the marital estate makes the alimony award equitable; and,

8. Finding that the equitable distributive share to Wife of Husband's Johnstown Police Department Pension must be consumed and considered income for alimony purposes.

(Wife's Brief at 7).

We address Wife's second claim first, wherein she contends that the trial court erred in adopting the Master's conclusion that her reasonable needs amounted to $2,500.00 monthly. Preliminarily, we must discern whether Wife preserved this issue for appeal.

> Generally, pursuant to Pa.R.A.P. 302(a), "issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." *See Twilla v. Twilla*, [664 A.2d 1020, 1027 (Pa.Super. 1995)] (holding issues waived in equitable distribution matter where the wife failed to raise the issues before the lower court in exceptions to master's report). Likewise, Pa.R.C.P. 1920.55–2(b) addresses exceptions to master's reports and provides that "[e]ach exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters." *See Nagle v. Nagle*, 799 A.2d 812, 821 (Pa.Super. 2002) (concluding that issue was waived because it was not included in exceptions to the master's report); *Schuback v. Schuback*, [603 A.2d 194, 197 (Pa.Super. 1992)] (finding issue to be waived and refusing to consider it for

- 5 -

the first time on appeal because the husband failed to present the claim in his exceptions to the master's report).

***Cook v. Cook***, 186 A.3d 1015, 1024-25 (Pa.Super. 2018). ***See also McArdle v. McArdle***, 679 A.2d 1316, 1317 (Pa.Super. 1996) (concluding that where party failed to file exceptions to Master's report, Pa.R.C.P. 1920.55-2 precludes appellate review of party's challenges to Master's findings, adopted by trial court).

Here, Wife failed to file any exceptions to the Master's report. Therefore, she failed to preserve her challenge to the Master's finding (adopted by the trial court) that her reasonable needs were approximately $2,500.00 monthly.[2]

We next turn to Wife's remaining issues, all of which address Wife's ultimate claim that the trial court erred when it set forth its alimony order.[3] Wife asserts that given her health concerns, an indefinite award of alimony

_____

[2] Because the trial court did not strictly follow the Master's recommendation regarding alimony, Wife did not waive the remainder of her claims, despite her failure to file exceptions to the Second Report.

[3] In her brief, Wife does not develop any argument for issues three, four, and six. In her eighth issue, Wife claims that her share of Husband's pension should not be considered income because she should be able to use it to build retirement savings. Although Wife cites caselaw in this argument section, she does not apply the cases she cites to the facts of this case. Therefore, this particular claim is waived. ***See*** Pa.R.A.P. 2119(a) (explaining that appellant must support each argument with citation to and discussion of relevant legal authority). Additionally, we note that Wife's arguments for issues one, five, and seven address different facets of Wife's ultimate claim, which is that the court erred in crafting its alimony order. For these reasons, we address Wife's remaining claims together.

would have been appropriate. Wife argues that an award of $1,000.00/month of alimony will not meet her needs, and that if alimony ceases upon her receipt of monthly payments from Husband's pension, her needs will not be met. Wife concludes that the trial court erred in fashioning its award of alimony, and this Court must grant relief. We disagree.

"Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure." *Carney v. Carney*, 167 A.3d 127, 131 (Pa.Super. 2017) (citation omitted). We review challenges to alimony awards for an abuse of discretion. *Teodorski v. Teodorski*, 857 A.2d 194, 200 (Pa.Super. 2004). "To determine whether alimony is necessary and to establish the appropriate nature, amount, and duration of any alimony payments, the court is required to consider **all** relevant factors, including the 17 factors that are expressly mandated by statute." *Id.* (emphasis in original). The statutory factors include:

> (1) The relative earnings and earning capacities of the parties.
>
> (2) The ages and the physical, mental and emotional conditions of the parties.
>
> (3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.
>
> (4) The expectancies and inheritances of the parties.
>
> (5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage.  The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party.  As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A. § 3701(b).

This Court has explained:

> [T]he purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. Moreover, alimony following a divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill.

*Conner v. Conner*, 217 A.3d 301, 315-16 (Pa.Super. 2019) (citation omitted).

Instantly, the trial court's order set forth its award of alimony as follows:

> Wife's claim for alimony is granted.
>
> a. From the date of this order through July 31, 2023, Wife is not entitled to receive alimony.
>
> b. Commencing in August 2023, Husband shall pay alimony to Wife at the rate of $1,000 a month.
>
> c. if Husband elects to receive the vested monthly benefit of his Johnstown Police Department Pension (with his full benefit payable May 1, 2024), Wife's alimony shall terminate after the April 2024 payment.
>
> d. If Husband elects to receive a refund of his after-tax contributions ($26,842.91) from his Johnstown Police Department Pension in lieu of the deferred monthly benefit, Wife's alimony shall continue indefinitely.

(Trial Court Order, 1/6/23, at 4).

In its Rule 1925(a) opinion, the trial court explained that up and until August 2023, Wife was not entitled to alimony because her income exceeded her needs. The court found that during this period, Wife's income was $2,708.00 monthly ($1,512.00 net monthly Social Security Disability and $1,196.00 monthly from the amortized retroactive Social Security Disability payments). (Rule 1925(a) Opinion, filed 7/3/23, at 3). Once the amortization period ended, the court concluded that an alimony award of $1,000.00 per month would bring Wife back to a monthly income of at least $2,500.00 ($1,512.00 from Social Security Disability plus $1,000.00 from alimony equals $2,512.00). (**See id.**) The trial court then explained that Wife's need for alimony to meet her reasonable needs would again change when Husband started to collect monthly payments from his Johnstown Police Department pension. The trial court adopted the Master's recommendation that Wife receive 60 percent of the marital portion of the pension; therefore, if Husband elected to receive the monthly benefit of the pension, Wife's share would be approximately $826.00 monthly. (**Id.** at 3-4). Therefore, the trial court determined that alimony should terminate if Husband elected to receive the monthly benefit. Finally, the court explained that in this scenario, given that Wife's reasonable needs would be met, an indefinite award of alimony would be excessive and inappropriate as a secondary remedy. (**Id.** at 5).

Our review of the record confirms that the trial court considered the Master's report in issuing its alimony award, which detailed the relevant

factors including those mandated by statute. Based upon our review of the record, we cannot say that the court abused its discretion in its consideration of the alimony factors set forth in Section 3701(b). **See** 23 Pa.C.S.A. § 3701(b); **Teodorski, supra**. Given Wife's health issues and limited earning potential, and Wife's relative needs,[4] the amount and duration of alimony are proper. **See Conner, supra**; **Teodorski, supra**. Accordingly, we affirm the divorce decree.

Decree affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/31/2024

---

[4] We reiterate that Wife waived her challenge to the court's determination, adopting the Master's finding, that Wife's reasonable needs were $2,500.00/month.

- 11 -